IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RACHEL NIXON,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Case No. CIV-10-257-KEW
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social                 )
Security Administration,               )
                                       )
            Defendant.                 )

## OPINION AND ORDER

Plaintiff Rachel Nixon (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 1, 1960 and was 47 years old at the time of the ALJ's decision. Claimant completed her high school education and some college. Claimant worked in the past as a custodian, machine operator/cutter, and punch press operator.

Claimant alleges an inability to work beginning December 1, 2002 due to limitations arising from anger, headaches, anxiety, depression, and difficulty handling stress.

### Procedural History

On March 29, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 24, 2008, an administrative hearing was held before ALJ John Volz in Tulsa, Oklahoma. On February 19, 2008, the ALJ issued an unfavorable decision on Claimant's applications. On June 3, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to: (1) include all of Claimant's impairments at step five; (2) properly consider all of the medical source evidence; and (3) engage in a proper credibility evaluation.

**Step Five Analysis**

Claimant contends the ALJ failed to properly question the vocational expert ("VE") during the hearing. She finds error in the ALJ's failure to inform the VE of the "seven strength requirements" in his hypothetical questioning. She also asserts the ALJ ignored the VE's answer when all of Claimant's marked limitations were included in the questioning. Finally, Claimant contends the ALJ failed to include any of her non-severe impairments in his hypothetical questioning of the VE.

In his questioning of the VE, the ALJ established that the Claimant could not return to her past relevant work. (Tr. 592-93). The VE stated that all of Claimant's past jobs would "be too heavy." (Tr. 593). The ALJ then explored further jobs available to Claimant by cryptically asking, "Okay. So the sedentary routine – so you would give me some jobs?" The VE then explained a list of sedentary unskilled jobs available in the regional and national economy. (Tr. 593). The ALJ actually asked no hypothetical

5

question at all. He simply asked the VE to regurgitate a list of sedentary jobs. In his RFC determination, the ALJ restricted Claimant to sedentary jobs with the restrictions of lifting and/or carrying 10 pounds, standing and/or walking (with normal breaks) for a total of about 2 hours in an 8 hour workday, and sitting (with normal breaks) for about 6 hours in an 8 hour workday. He also added the restriction that Claimant be limited to simple tasks with routine supervision. (Tr. 18).

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999). However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). In this case, the ALJ failed to state the totality of the limitations he found in his RFC determination in his questioning of the VE. This Court finds no authority for Claimant's proposition that the seven strength requirements be

specifically stated in the hypothetical. The questioning, however, must be sufficiently stated such that this Court can evaluate whether the VE understood all of the restrictions the ALJ placed upon the Claimant before eliciting job availability. The ALJ's understated questioning was simply inadequate.

Claimant's representative also asked questions of the VE at the hearing. The representative included the restrictions found by Dr. Larry Vaught in a Mental Medical Source Statement completed on July 31, 2007. Dr. Vaught had diagnosed Claimant after testing at Axis I: Major Depressive Disorder, Recurrent without Psychotic Features, Anxiety Disorder, NOS; Axis II: Avoidant Traits; Axis III: Pain Disorder; Axis IV: Psychosocial Stressors - Medical Problems, Financial Problems, Occupational Problems; Axis V: GAF of 68. (Tr. 477).

Based upon his findings, Dr. Vaught found Claimant was moderately restricted in the areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, ability to work in coordination with or proximity to others without being distracted by them, ability to interact appropriately with the general public, ability to get along with coworkers or peers without distracting them or exhibiting behavior extremes, and ability to set realistic goals or make plans

independently of others. He found marked limitations in Claimant's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods and ability to accept instructions and respond appropriately to criticism from supervisors. (Tr. 478-80).

Upon inquiry with these restrictions, the VE stated jobs would not be available in the economy based upon the marked limitations stated by Dr. Vaught. (Tr. 594). The ALJ responded by asking where Dr. Vaught included these restrictions in a narrative, which he had not since the source statement does not provide for such a narrative. (Tr. 595-96).

In his decision, the ALJ found that "[g]reat weight is given" to Dr. Vaught's opinion citing his GAF determination but ignoring his findings on limitation. (Tr. 22). Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir.

2007). Here, the ALJ did just that, accepting the portion of Dr. Vaught's statement that supported a finding of non-disability but ignoring the findings that would have eliminated Claimant from the job market based upon the testimony of the VE. On remand, the ALJ shall re-question the VE in light of the medical findings on Claimant's limitations.

Claimant also contends the ALJ failed to include her non-severe impairments in his hypothetical questioning of the VE. Claimant identifies these impairments as including left arm numbness and tingling, hand pain and tingling and lesser grip in the left hand, hip pain, neck pain, and tingling and numbness in the legs. To the extent, the ALJ finds these non-severe impairments to be supported by the medical record, he shall include them in his hypothetical questioning of the VE on remand. He may find, however, that the impairments are not supported and are only found in the Claimant's testimony which he has already determined to be less than credible.

### Treating Physician Opinion

Claimant asserts the ALJ improperly rejected the opinion of her treating physician, Dr. Stephen M. Patton. Dr. Patton completed a form on April 19, 2005 which diagnosed Claimant with Major Depression and Panic Disorder with Agoraphobia. He concluded

9

the conditions prevent Claimant from working and indicated he would re-evaluate Claimant's condition within 90 days. (Tr. 350). The ALJ rejected Dr. Patton's conclusions, finding that "[i]t appears that his account of claimant's limitations is either based on the claimant's subjective complaints or an act of courtesy to a patient rather than a genuine medical assessment." He concluded the findings were not supported by any clinical signs. (Tr. 22).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ gave no weight to Dr. Patton's opinion without specifically identifying any evidence in the record to contradict it. His statements that Dr. Patton's report was prepared as an act of courtesy smack of the old "treating physician's report appears to have been prepared as an accommodation to a patient" statement

11

that has been roundly rejected as a basis for reducing the controlling weight normally afforded a treating physician's opinion. Miller v. Chater, 99 F.3d. 972, 976 (10th Cir. 1996) citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987). On remand, the ALJ shall re-evaluate Dr. Patton's opinion and specifically reference any contradictory evidence which would diminish the weight afforded to it.

### Credibility Determination

The ALJ concluded Claimant's credibility was suspect. Other than citing the boilerplate rejection language typically employed in these cases and reciting the medical record, the ALJ fails to tie any contradictory evidence to the Claimant's claims of limitation.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or

other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ failed to specifically discuss the hearing testimony and the reasons for rejecting Claimant's statements of limitation. On remand, the ALJ shall discuss the basis for rejecting Claimant's specific limitations as she testified at the hearing.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent

with this Opinion and Order.

DATED this 22nd day of September, 2011.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE